# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GAIL HUMPHREYS | ) | |
| *Plaintiff* | ) | |
| vs. | ) | |
| | ) | Case No. 4:23-cv-00526 |
| CRASH CHAMPIONS, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## COMPLAINT

COMES NOW, Plaintiff Gail Humphreys, to allege the following for her *Complaint* against Defendant Crash Champions, LLC.

## JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL

1. Plaintiff hereby demands a jury trial on all triable issues alleged herein and designates the Charles Evans Whittaker Courthouse in Kansas City, Missouri as the place of trial.

## NATURE OF THE CLAIMS

2. This case arises out of Plaintiff's employment with Defendant.

3. In violation of the Missouri Human Rights Act, R.S.Mo. Ch. 213 ("MHRA"), and Title VII, 42 U.S.C. § 2000e *et seq*., Defendant discriminated against Plaintiff based on age and sex.

4. In violation of the Age Discrimination in Employment Act, Title VII, 29 U.S.C. §§ 621-634 ("ADEA"), Defendant discriminated against Plaintiff based on age and sex.

5. In violation of Missouri's letter of dismissal statute, R.S.Mo. § 290.140, Defendant failed to issue Plaintiff a letter of dismissal truly stating the reason for Plaintiff's discharge.

6. Plaintiff hereby demands a jury trial and seeks all available legal and equitable relief including actual, compensatory, and punitive damages, costs, attorney fees, and interest.

1

## THE PARTIES

7. **Plaintiff Gail Humphreys** is an adult, female, citizen of Missouri who was born in 1967.

8. Defendant employed Plaintiff as a General Manager at its 6604 Royal Street, Pleasant Valley, Missouri 64068 body shop from September 28, 2020, until her discharge on July 6, 2022.

9. From September 28, 2020, to July 6, 2022, Plaintiff was an "employee" of Defendant as defined in 29 U.S.C. § 630(f) because she was an individual who worked for Defendant.

10. At all times during Plaintiff's employment with Defendant, Plaintiff was over the age of forty, but under the age of 70.

11. **Defendant Crash Champions, LLC** is an automobile collision repair company focused on manufacturing certified repairs primarily through relationships with client insurance companies.

12. Defendant is a limited liability company organized under Illinois law.

13. Defendant is a citizen of Illinois.

14. Upon information and belief, no member of Defendant is a citizen of Missouri.

15. Defendant is a "person" as defined by R.S.Mo. § 213.010(15).

16. At all times during Plaintiff's employment, Defendant was a person engaged in an industry affecting commerce and had six or more employees in Missouri, making it an "employer" as defined by R.S.Mo. § 213.010(8).

17. Defendant employed at least six (6) persons each week in 2021 and 2022.

18. Defendant currently employs at least six (6) or more persons in Missouri.

19. Defendant is a "person," as defined by 29 U.S.C. § 630(a).

2

20. During 2020, 2021, and 2022, Defendant was a person engaged in an industry affecting commerce who had had twenty or more employees for each working day in twenty or more weeks each year, making it an "employer" as defined by 29 U.S.C. § 630(b).

## SUBJECT MATTER JURISDICTION

21. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim that arises under federal law.

22. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Pleasant Valley, Missouri.

## PARTICULARS

24. On September 28, 2020, Plaintiff became employed by Defendant as a General Manager at Defendant's Pleasant Valley , Missouri body shop.

25. Before her employment with Defendant, Plaintiff had been working in the autobody repair business for 40 years.

26. From April 2008 until September 2020, when Defendant took control of the body shops where Plaintiff had been working as a Director of Operations and manager, Plaintiff oversaw the management of three body shops in Pleasant Valley, Gladstone, and Platte City, Missouri.

27. When Defendant took control of the Pleasant Valley, Gladstone, and Platte City body shops, Defendant told Plaintiff that her position and duties would not change and that she

3

would continue to oversee the management of the Pleasant Valley, Gladstone, and Platte City body shops.

28. Defendant then took the managerial oversight of the Gladstone and Platte City shops away from Plaintiff and told Plaintiff, "You're only the GM at Pleasant Valley; the sooner you get that through your head the better."

29. Then, in early November 2020, approximately two months later, Plaintiff learned that Defendant had a man to be its new Director of Operations over the Pleasant Valley, Gladstone, and Platte City body shops.

30. Defendant did not give Plaintiff the opportunity to apply or interview for District of Operations position that it gave to a man (Chris Norris) even though Defendant was aware that Plaintiff was interested in such a position.

31. Although Plaintiff had 40 years of experience in the autobody business at the time and had been the District Manager over the Pleasant Valley, Gladstone, and Platte City shops for 12 years, when Plaintiff questioned Defendant about why it did not give her an opportunity to apply or interview for the Director of Operations position, Defendant told Plaintiff she did not have the experience.

32. Defendant then instructed Plaintiff to train and assist the man (Chris Norris) it hired as its new Director of Operations and who assumed Plaintiff's managerial oversight over the Gladstone and Platte City shops, and also instructed Plaintiff to continue assisting in the management of those two shops while carrying out her duties as the General Manager over the Pleasant Valley shop.

33. Upon information and belief, Plaintiff was paid less than Chris Norris and less than a male General Manager over the Grandview, Missouri shop who had less experience and tenure with the company than Plaintiff.

4

34. Plaintiff witnessed her direct supervisor, Director of Operations (Chirs Norris), make age-related remarks, and consistently felt Defendant held her to a different standard.

35. On July 6, 2022, Defendant terminated Plaintiff's employment.

36. On July 6, 2022, Plaintiff's direct supervisor, Defendant's Director of Operations (Chris Norris), told Plaintiff he was firing her because "*The company is going in a different direction.*"

37. In July 2022, Defendant told the Missouri Division of Employment Security that Plaintiff's employment with Defendant terminated when "*she was laid off due to a lack of work.*"

38. In a letter dated August 1, 2022, Plaintiff's direct supervisor, Director of Operations (Chris Norris), told Plaintiff she had been fired because "*Your services were no longer needed.*"

39. Plaintiff was 54 years old when Defendant fired her.

40. After Defendant fired Plaintiff, Defendant replaced Plaintiff with a man who was 15 years younger than Plaintiff.

41. At or near the time Defendant discharged Plaintiff, it also discharged General Managers at other locations and replaced them with younger employees.

42. On March 15, 2022, Defendant discharged Tim Muller, who was 62 years old and the General Manager at Defendant's Kansas City, Missouri body shop, and Defendant then replaced Muller with a younger employee.

43. On April 29, 2022, Defendant discharged Marc Miller, who was 63 years old and the General Manager at Defendant's Grandview, Missouri body shop, and Defendant then replaced Mr. Miller with a younger employee.

44. On July 6, 2022, Defendant discharged Russell Young, who was 58 years old and the General Manager at Defendant's Platte City, Missouri body shop, and Defendant then replaced Young with a younger employee.

45.     On July 6, 2022, Defendant discharged Plaintiff, who was 55 years old and the General Manager at Defendant's Pleasant Valley, Missouri body shop, and Defendant then replaced Plaintiff with a younger employee.

## ADMINISTRATIVE PROCEEDINGS

46.     On August 22, 2022, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the EEOC. A copy is attached as **Exhibit A** and is incorporated herein by reference.

47.     Defendant received notice of Plaintiff's charge and responded by providing the Missouri Commission on Human Rights a position statement and documents.

48.     On April 28, 2023, the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue. A copy is attached as **Exhibit B** and is incorporated herein by reference.

49.     On May 3, 2023, the EEOC issued Plaintiff a Notice of Right to Sue. A copy is attached as **Exhibit C** and is incorporated herein by reference.

50.     Plaintiff's Complaint was filed within 90 days of April 28, 2023, and within two years of the discrimination alleged herein.

## COUNT I
## AGE DISCRIMINATION
## R.S.Mo. § 213.055

51.     Plaintiff incorporates by reference the allegations in every other paragraph.

52.     Throughout Plaintiff's employment with Defendant, she was over the age of forty (40) and under the age of seventy (70).

53.     During her employment with Defendant, Plaintiff was stripped of duties she had previously performed and was demoted.

54.     Defendant discharged Plaintiff and replaced her with a younger employee.

6

55. Plaintiff's age actually played a role in and had a determinative influence on the Defendant's decision to demote and discharge Plaintiff.

56. Defendant's conduct directly caused Plaintiff damage including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of her civil rights.

57. Defendant is a sophisticated employer that operates multiple body shops across the nation. It spreads policies amongst its workforce professing to prohibit age discrimination.

58. When Defendant discriminated against Plaintiff because of her age, it knew better but did it anyway.

59. Defendant's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment finding Defendant liable for Count I and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

**COUNT II**
**SEX DISCRIMINATION**
**R.S.Mo. § 213.055**

60. Plaintiff incorporates the facts alleged in every other paragraph.

61. Defendant stripped Plaintiff of duties, demoted Plaintiff, instructed Plaintiff to train her replacement and continue assisting others in carrying out her former duties, paid her less than the male Director of Operations who assumed Plaintiff's duties, and paid her less than a male counterpart who had less experience and tenure with Defendant.

62. Defendant discharged Plaintiff and replaced her with a male employee.

63. Plaintiff's sex actually played a role in and had a determinative influence on such actions.

64. Such conduct directly caused damage to Plaintiff including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of her civil rights.

65. Defendant is a sophisticated employer that operates multiple body shops across the nation. It spreads policies amongst its workforce professing to prohibit sex discrimination.

66. When Defendant discriminated against Plaintiff because of her sex, it knew better but did it anyway.

67. Defendant's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment finding Defendant liable for Count II and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT III
## AGE DISCRIMINATION
### 29 U.S.C. § 623

68. Plaintiff incorporates by reference the allegations in every other paragraph.

69. During her employment with Defendant, Plaintiff was stripped of duties she had previously performed and was demoted.

70. Defendant discharged Plaintiff and replaced her with a younger employee.

71. Defendant took such actions against Plaintiff because of Plaintiff's age.

72. Such conduct directly caused Plaintiff damage including distress, humiliation, frustration, anxiety, disappointment and self-doubt, and economic loss.

73. Defendant is a sophisticated employer that operates multiple body shops across the nation. It spreads policies amongst its workforce professing to prohibit age discrimination.

8

74. When Defendant discriminated against Plaintiff because of her age, it knew better but did it anyway.

75. Defendant's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment finding Defendant liable for Count III and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

**COUNT IV**
**SEX DISCRIMINATION**
**42 U.S.C. § 2000e-2**

76. Plaintiff incorporates the facts alleged in every other paragraph.

77. Defendant stripped Plaintiff of duties, demoted Plaintiff, instructed Plaintiff to train her replacement and continue assisting others in carrying out her former duties, paid her less than the male Director of Operations who assumed Plaintiff's duties, and paid her less than a male counterpart who had less experience and tenure with Defendant.

78. Defendant discharged Plaintiff and replaced her with a male employee.

79. Defendant took such actions against Plaintiff because of her sex.

80. Such conduct caused damage to Plaintiff including distress, humiliation, frustration, anxiety, disappointment and self-doubt, and economic loss.

81. Defendant is a sophisticated employer that operates multiple body shops across the nation. It spreads policies amongst its workforce professing to prohibit sex discrimination.

82. When Defendant discriminated against Plaintiff because of her sex, it knew better but did it anyway.

83. Defendant's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Defendant is liable for punitive damages.

9

WHEREFORE, Plaintiff prays for judgment finding Defendant liable for Count IV and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

### COUNT V
**Missouri Dismissal Letter Violation**
**R.S.Mo. § 290.140**

84. Plaintiff incorporates by reference all other paragraphs in this Petition.

85. Defendant employed Plaintiff for more than 90 days.

86. Within one year after being discharged, Plaintiff sent Defendant a request for a letter of dismissal in compliance with R.S.Mo. § 290.140.

87. Plaintiff's request was sent via certified mail.

88. Plaintiff's request specifically referenced R.S.Mo. § 290.140.

89. Plaintiff's request was addressed to Defendant's Superintendent, Manager, or Registered Agent.

90. Defendant received Plaintiff's request for a letter of dismissal.

91. Defendant never issued Plaintiff a letter of dismissal truly stating the reason for Plaintiff's discharge.

92. As a direct result, Plaintiff sustained damages.

93. Defendant's conduct was outrageous because of its evil motive or reckless indifference for the rights of others. Accordingly, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant on Count V and awarding Plaintiff nominal, compensatory, and punitive damages, costs, and all other relief the Court may grant.

**RALSTON KINNEY, LLC**

 /s/ *Thomas F. Ralston*
Thomas F. Ralston – MO #61052
Kenneth D. Kinney – MO #67435
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
tom@rklawllc.com
ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**